## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JESSICA LANDERAS,

     **Plaintiff,**

v.

VILLAGES HOSPITALITY, LLC
dba DAYS INN WILDWOOD,

     **Defendant**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA LANDERAS ("Plaintiff"), hereby sues the Defendant,

VILLAGES HOSPITALITY, LLC dba DAYS INN, ("Defendant") and states as

follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and

13679(a).

2.     Venue lies within the United States District Court for the Middle

District of Florida, Ocala Division because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant

to 28 U.S.C. 1391(b).

## PARTIES

3.     Plaintiff is an adult and a resident of Citrus County, Florida.

4.     Defendant is a Florida corporation, licensed and authorized to conduct business in Sumter County, Florida.

5.     Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6.     As part of Plaintiff's duties for the Defendant, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce.  Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

7.     Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

8.     Plaintiff began her employment on or about November 2023 as a Housekeeper.

9.      Plaintiff was compensated at the rate of $13.00 per hour and worked substantial hours in excess of forty hours in a workweek.

10.     Defendant failed to keep accurate time records regarding the hours Plaintiff worked.

11.     Plaintiff estimates she regularly worked between fifty to as many as ninety hours in a workweek.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

12.     Plaintiff re-alleges paragraphs one (1) through eleven (11) as though set forth fully herein.

13.     Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

14.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

15.     Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

16.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

17.     Defendant's failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

18.     Defendant knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

19.     Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

20.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

21.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled to liquidated damages.

22.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant for the following relief and damages:

a.     Overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.    Liquidated damages in an amount equal to the overtime award;

c.    Prejudgment interest;

d.    Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

f.    Any other further relief the Court deems just and proper.

**COUNT II**
**FLORIDA STATUTE CHAPTER  448.08 -  UNPAID WAGES**

23.    Plaintiff re-alleges paragraphs one (1) through eleven (11) as though set forth fully herein.

24.    Plaintiff earned wages and commissions over the course of her employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

25.    Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

26.    Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid

wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**COUNT III**
**FLSA MINIMUM WAGE**

27.    Plaintiff re-alleges paragraphs one (1) through eleven (11) as though set forth fully herein.

28.    Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

29.    By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

Dated: February 5, 2025

**FLORIN|GRAY**

_s/Wolfgang M. Florin_
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@floringray.com
Miguel Bouzas
Florida Bar No.: 48943
miguel@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558

Telephone (727) 220-4000
Facsimile (727) 483-7942
Trial Attorneys for Plaintiff