**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JESSICA LANDERAS,

      **Plaintiff,**

**v.**                                                                 CASE NO: 5:25-CV-00073-JSM-PRL

VILLAGES HOSPITALITY, LLC
dba DAYS INN WILDWOOD,

      **Defendant.**

_____/

**DEFENDANT, VILLAGES HOSPITALITY, LLC dba DAYS INN WILDWOOD'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, **VILLAGES HOSPITALITY, LLC dba DAYS INN WILDWOOD,** (hereinafter "Defendant"), pursuant to 28 U.S.C. § 1331 and 13679(a) files its Answers and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial for federal overtime wage violations under the Fair Labor Standards Act ("FLSA") and alleges the following:

**JURISDICTION AND VENUE**

1.      Admitted for jurisdictional purposes.

2.      Admitted for jurisdictional purposes.

**PARTIES**

3.      Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted that Plaintiff is a covered employee under FLSA. Admitted that Defendant is a covered enterprise under FLSA.

7.    Admitted.

## FACTUAL ALLEGATIONS

8.    Admitted Plaintiff began her employment on or about November 2023 as a Housekeeper.

9.    Admitted that Plaintiff was compensated at an hourly rate above minimum wage; it is denied that Plaintiff worked hours in excess of forty hours in a work week.

10.    Denied.

11.    Denied that Plaintiff worked overtime as described; if Plaintiff did work as described, she failed to report any such time.

## COUNT I
## FAIR LABOR STANDARS ACT (UNPAID OVERTIME)

12.    Defendant reasserts its answers to paragraphs 1 through 11 as though set forth fully herein.

13.    Admitted.

14.    Admitted.

2

15.     It is denied that Defendant intentionally violated any provisions of 29 U.S.C. as alleged.

16.     It is acknowledged that Plaintiff seeks overtime compensation. It is denied that Defendant intentionally violated any provision of 29 U.S.C. as alleged.

17.     Denied. Plaintiff was properly compensated for all hours worked.

18.     It is acknowledged that Plaintiff has filed under FLSA for alleged overtime wages that were not paid. It is denied that Defendant intentionally violated any provisions of 29 U.S.C. as alleged.

19.     It is acknowledged that Plaintiff has filed under FLSA for alleged overtime wages that were not paid. It is denied that Defendant intentionally violated any provisions of 29 U.S.C. as alleged.

20.     It is acknowledged that Plaintiff has filed under FLSA for alleged overtime wages that were not paid. It is denied that Defendant intentionally violated any provisions of 29 U.S.C. as alleged.

21.     It is acknowledged that Plaintiff has filed under FLSA for liquidated damages. It is denied that Defendant intentionally violated any provisions of 29 U.S.C. as alleged.

22.     It is acknowledged that that Plaintiff has retained services of counsel and is obligated to pay for same.

Defendant denies any wrongdoing or that Plaintiff is entitled to any of the relief requested in the Wherefore clauses a – f.

**COUNT II**
**FLORIDA STATUTE CHAPTER 448.08 – UNPAID WAGES**

23. Defendant reasserts its answers to paragraphs 1 through 11 as though set forth fully herein.

24. Denied.

25. Denied. Plaintiff was properly compensated for all hours worked.

26. Denied. Plaintiff was properly compensated for all hours worked.

Defendant denies any wrongdoing or that Plaintiff is entitled to any of the relief requested in the Wherefore clause.

**COUNT III**
**FLSA MINIMUM WAGE**

27. Defendant reasserts its answers to paragraphs 1 through 11 as though set forth fully herein.

28. Admitted that Plaintiff would be entitled to minimum wages, but denied that Defendant failed to pay minimum wages for all hours worked.

29. Defendant denies that it violated any provisions of FLSA as alleged.

Defendant denies any wrongdoing or that Plaintiff is entitled to any of the relief requested in the Wherefore clause.

## AFFIRMATIVE DEFENSES

30.    Plaintiff cannot state a claim upon which relief can be granted under each of the counts, as Plaintiff was compensated for all hours actually worked and reported.

31.    Plaintiff was paid at least minimum wages for all hours worked based on the straight time correctly paid to Plaintiff.

32.    Plaintiff's own actions or omissions were the cause of her alleged damages, to the extent she failed to report and record all hours claimed to have been worked.

33.    Plaintiff's claims are barred because Defendant properly and fully compensated Plaintiff and she was compensated for any and all alleged hours worked.

34.    To the extent that overtime liability is found to exist, Plaintiff will be owed only half-time (and not time-and-a-half) for all hours worked over forty (40).

35.    Some or all of Plaintiff's claims are barred by the applicable two-year statute of limitations.

36.    To the degree Plaintiff's claims are outside the two-year statute of limitations, Plaintiff is estopped from recovering any back wages or other compensation because Defendant acted in good faith and without any willful

5

intent to violate the law.

37.    To the extent Plaintiff is able to establish any failure by Defendant to properly compensate Plaintiff, such failure was in good faith and in conformity with or reliance upon a written administrative regulation, order, ruling, approval or interpretation, or upon an administrative practice or enforcement policy.

38.    Defendant had practices in place for employees to utilize if they were paid incorrectly and Plaintiff failed to avail herself of that practice and therefore her claims for liquidated damages are barred and the two-year statute of limitations applies.

39.    To the extent that Plaintiff establishes that anyone employed by Defendant engaged in unlawful conduct as alleged, such conduct was outside the scope of their employment and therefore Defendant is without liability.

40.    Any events occurring outside the applicable limitations period are barred by  the Statute of Limitations, 29 U.S.C. Section 225. More specifically, to the extent Plaintiff's claims are based on conduct that occurred more than two (2) years prior to the date of filing of this lawsuit, the claims are barred by the statute of limitations for non-willful FLSA actions

41.    Assuming, *arguendo*, that Plaintiff somehow nominally worked hours that were not paid, which is wholly denied, Defendant posits it acted in

good-faith compliance with applicable law and without any willfulness or intention to knowingly deprive Plaintiff of any alleged pay due, thus Plaintiff is not entitled to any or all liquidated or additional damages.

42.    Plaintiff's claims are barred because Defendant fully compensated Plaintiff for all hours reported by Plaintiff.

43.    Defendant neither knew, nor could have known that Plaintiff was working during times she now claims, and Plaintiff intentionally either has falsified or withheld information regarding the alleged hours of work. Defendant had no constructive or actual knowledge of Plaintiff's work which was unreported and for which he now claims he was not compensated, and therefore, Plaintiff's claims are barred.

44.    Plaintiff cannot establish any damages, whether compensatory, liquidated or punitive in nature, as a matter of law.

45.    Defendant hereby reserves the right to further amend this Answer and Affirmative Defenses on the basis of facts and other matters learned in discovery, up to and including the date of trial. The failure of Defendant to raise a defense herein shall not be deemed a waiver of its right to do so as may be warranted.

WHEREFORE, Defendant, having filed this Answer and thus, having fully answered Plaintiff's Complaint and stated its defenses, Defendant asks this

Court to enter judgment against Plaintiff and in favor of Defendant.

Dated: April 25, 2025.

Respectfully submitted,

*/s/ Nikhil N. Joshi*
NIKHIL N. JOSHI, ESQ.
Florida Bar No.: 123803
Hultman + Joshi PA
Attorneys for Defendant
2055 Wood Street, Suite 208
Sarasota, FL 34237
Telephone: (941) 218-2800/F: (941) 218-2801
E-mail: nik@hultmanjoshi.com
        hjassistant@hultmanjoshi.com

## CERTIFICATE OF SERVICE

I, NIKHIL N. JOSHI, ESQ., HEREBY CERTIFY that on this 25th day of April 2025 a true and correct copy of the foregoing has been filed electronically using the Court's E-filing portal and that copies of the same have been served by E-Mail to Plaintiff's counsel: Wolfgang M. Flori, Esq., and Miguel Bouzas, Esq., at wflorin@floringray.com and miguel@floringray.com

*/s/ Nikhil N. Joshi*